BLUMENTHAL NORDREHAUG BHOWMIK DE BLOUW LLP
Norman B. Blumenthal (State Bar #068687)
Kyle R. Nordrehaug (State Bar #205975)
Aparajit Bhowmik (State Bar #248066)
Victoria Rivapalacio (State Bar #275115)
Christine T. LeVu (State Bar #288271)
Adolfo Sanchez Contreras (State Bar #354371)
2255 Calle Clara
La Jolla, CA 92037
Telephone: (858)551-1223
Facsimile: (858) 551-1232
Email(s):
    norm@bamlawca.com
    kyle@bamlawca.com
    AJ@bamlawca.com
    Victoria@bamlawca.com
    christine@bamlawca.com
    adolfo@bamlawca.com

*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAROLYN KENNARD, an individual, on behalf of herself, and on behalf of all persons similarly situated,<br><br>                    Plaintiff,<br><br>vs.<br><br>CHERRY HILL PROGRAMS, INC., a Corporation,<br><br>                    Defendant. | Case No. 3:25-cv-00652-BTM-VET<br><br>Assigned to Hon. Barry Ted Moskowitz<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT FOR:**<br><br>1. UNFAIR COMPETITION IN VIOLATION OF CAL. BUS. & PROF. CODE §§ 17200;<br>2. FAILURE TO PAY MINIMUM WAGES IN VIOLATION OF CAL. LAB. CODE §§ 1194, 1197 & 1197.1;<br>3. FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF CAL. LAB. CODE § 510;<br>4. FAILURE TO PROVIDE REQUIRED MEAL PERIODS IN VIOLATION OF CAL. LAB. CODE §§ 226.7 & 512 AND THE APPLICABLE IWC WAGE ORDER;<br>5. FAILURE TO PROVIDE REQUIRED REST PERIODS IN VIOLATION OF CAL. LAB. CODE §§ 226.7 & 512 AND THE APPLICABLE IWC WAGE ORDER; |

6.  FAILURE TO PROVIDE ACCURATE ITEMIZED STATEMENTS IN VIOLATION OF CAL. LAB. CODE § 226;
7.  FAILURE TO REIMBURSE EMPLOYEES FOR REQUIRED EXPENSES IN VIOLATION OF CAL. LAB. CODE § 2802;
8. FAILURE TO PROVIDE WAGES WHEN DUE IN VIOLATION OF CAL. LAB. CODE §§ 201, 202 AND 203; and,
9. FAILURE TO PAY SICK PAY WAGES IN VIOLATION OF CAL. LAB CODE §§ 201-203, 233, 246.

**DEMAND FOR A JURY TRIAL**

Action Filed: February 13, 2025

1    Carolyn Kennard ("PLAINTIFF"), an individual, on behalf of herself and
2    all other similarly situated current and former employees allege on information and
3    belief, except for her own acts and knowledge which are based on personal knowledge,
4    the following.

5

6                                    **THE PARTIES**

7        1.    Cherry Hill Programs, Inc. ("DEFENDANT") is a corporation that
8    at all relevant times mentioned herein conducted and continues to conduct substantial
9    business in California.

10       2.    DEFENDANT specializes in experiential photography, primarily
11   providing holiday photography experiences at popular tourist destinations and shopping
12   malls in California.

13       3.    PLAINTIFF was employed by DEFENDANT in California from
14   May of 2024 to January of 2025.  PLAINTIFF was at all times classified by
15   DEFENDANT as a non-exempt employee, paid on an hourly basis, and entitled to the
16   legally required meal and rest periods and payment of minimum and overtime wages
17   due for all time worked.

18       4.    PLAINTIFF brings this Class Action on behalf of herself and a
19   California class, defined as all individuals who are or previously were employed by
20   DEFENDANT in California, including any employees staffed with DEFENDANT by
21   a third party, and classified as non-exempt employees (the "CALIFORNIA CLASS")
22   at any time during the period beginning four (4) years prior to the filing of the original
23   Complaint and ending on the date as determined by the Court (the "CALIFORNIA
24   CLASS PERIOD").

25       5.    PLAINTIFF brings this Class Action on behalf of herself and a
26   CALIFORNIA CLASS in order to fully compensate the CALIFORNIA CLASS for
27   their losses incurred during the CALIFORNIA CLASS PERIOD caused by
28   DEFENDANT's policy and practice which failed to lawfully compensate these
     employees. DEFENDANT's policy and practice alleged herein was an unlawful,

1  unfair and deceptive business practice whereby DEFENDANT retained and

2  continues to retain wages due to PLAINTIFF and the other members of the

3  CALIFORNIA CLASS. PLAINTIFF and the other members of the CALIFORNIA

4  CLASS seek an injunction enjoining such conduct by DEFENDANT in the future,

5  relief for the named PLAINTIFF and the other members of the CALIFORNIA

6  CLASS who have been economically injured by DEFENDANT's past and current

7  unlawful conduct, and all other appropriate legal and equitable relief.

8      7.    The agents, servants and/or employees of the Defendants and

9  each of them acting on behalf of the Defendants acted within the course and scope

10  of his, her or its authority as the agent, servant and/or employee of the Defendants,

11  and personally participated in the conduct alleged herein on behalf of the

12  Defendants with respect to the conduct alleged herein. Consequently, the acts of

13  each Defendant are legally attributable to the other Defendants and all Defendants

14  are jointly and severally liable to PLAINTIFF and the other members of the

15  CALIFORNIA CLASS, for the loss sustained as a proximate result of the conduct of

16  the Defendants' agents, servants and/or employees.

17

18                          **THE CONDUCT**

19      8.    Pursuant to the Industrial Welfare Commission Wage Orders,

20  DEFENDANT was required to pay PLAINTIFF and CALIFORNIA CLASS

21  Members for all their time worked, meaning the time during which an employee is

22  subject to the control of an employer, including all the time the employee is suffered

23  or permitted to work.  DEFENDANT requires PLAINTIFF and CALIFORNIA

24  CLASS Members to work without paying them for all the time they are under

25  DEFENDANT's control. Among other things, DEFENDANT requires PLAINTIFF

26  to work while clocked out during what is supposed to be PLAINTIFF's off-duty

27  meal break. PLAINTIFF were from time to time interrupted by work assignments

28  while clocked out for what should have been PLAINTIFF's off-duty meal break.

DEFENDANT, as a matter of established company policy and procedure,

1  administers a uniform practice of rounding the actual time worked and recorded by

2  PLAINTIFF and CALIFORNIA CLASS Members, always to the benefit of

3  DEFENDANT, so that during the course of their employment, PLAINTIFF and

4  CALIFORNIA CLASS Members are paid less than they would have been paid had

5  they been paid for actual recorded time rather than "rounded" time.  Additionally,

6  DEFENDANT engages in the practice of requiring PLAINTIFF and CALIFORNIA

7  CLASS Members to perform work off the clock in that DEFENDANT, as a

8  condition of employment, required these employees to submit to mandatory

9  temperature checks and symptom questionnaires for COVID-19 screening prior to

10  clocking into DEFENDANT's timekeeping system for the workday. As a result,

11  PLAINTIFF and other CALIFORNIA CLASS Members forfeit minimum wage,

12  overtime wage compensation, and off-duty meal breaks by working without their

13  time being correctly recorded and without compensation at the applicable rates.

14  DEFENDANT's policy and practice not to pay PLAINTIFF and other

15  CALIFORNIA CLASS Members for all time worked, is evidenced by

16  DEFENDANT's business records.

17       9.    State and federal law provides that employees must be paid

18  overtime and meal and rest break premiums at one-and-one-half times their "regular

19  rate of pay."  PLAINTIFF and other CALIFORNIA CLASS Members are

20  compensated at an hourly rate plus incentive pay that is tied to specific elements of

21  an employee's performance.

22       10.   The second component of PLAINTIFF's and other

23  CALIFORNIA CLASS Members' compensation is DEFENDANT's non-

24  discretionary incentive program that paid  PLAINTIFF and other CALIFORNIA

25  CLASS Members incentive wages based on their performance for DEFENDANT.

26  The non-discretionary incentive program provided all employees paid on an hourly

27  basis with incentive compensation when the employees met the various performance

28  goals set by DEFENDANT.  However, when calculating the regular rate of pay in

order to pay overtime and meal and rest break premiums to PLAINTIFF and other

CALIFORNIA CLASS Members, DEFENDANT failed to include the incentive compensation as part of the employees' "regular rate of pay" for purposes of calculating overtime pay and meal and rest break premium pay.  Management and supervisors described the incentive program to potential and new employees as part of the compensation package.  As a matter of law, the incentive compensation received by PLAINTIFF and other CALIFORNIA CLASS Members must be included in the "regular rate of pay."  The failure to do so has resulted in a underpayment of overtime compensation and meal and rest break premiums to PLAINTIFF and other CALIFORNIA CLASS Members by DEFENDANT.

11.    As a result of their rigorous work schedules, PLAINTIFF and other CALIFORNIA CLASS Members were from time to time unable to take thirty (30) minute off duty meal breaks and were not fully relieved of duty for their meal periods.  PLAINTIFF and other CALIFORNIA CLASS Members were required from time to time to perform work as ordered by DEFENDANT for more than five (5) hours during some shifts without receiving a meal break.  Further, DEFENDANT from time to time failed to provide PLAINTIFF and CALIFORNIA CLASS Members with a second off-duty meal period for some workdays in which these employees were required by DEFENDANT to work ten (10) hours of work. DEFENDANT also engaged in the practice of rounding the meal period times to avoid paying penalties to PLAINTIFF and other CALIFORNIA CLASS Members. PLAINTIFF and other members of the CALIFORNIA CLASS therefore forfeit meal breaks without additional compensation and in accordance with DEFENDANT's corporate policy and practice.

12.    During the CALIFORNIA CLASS PERIOD, PLAINTIFF and other CALIFORNIA CLASS Members were also required from time to time to work in excess of four (4) hours without being provided ten (10) minute rest periods. Further, these employees were denied their first rest periods of at least ten (10) minutes for some shifts worked of at least two (2) to four (4) hours from time to time, a first and second rest period of at least ten (10) minutes for some shifts

worked of between six (6) and eight (8) hours from time to time, and a first, second and third rest period of at least ten (10) minutes for some shifts worked of ten (10) hours or more from time to time. PLAINTIFF and other CALIFORNIA CLASS Members were also not provided with one hour wages in lieu thereof.  Additionally, the applicable California Wage Order requires employers to provide employees with off-duty rest periods, which the California Supreme Court defined as time during which an employee is relieved from all work related duties and free from employer control.  In so doing, the Court held that the requirement under California law that employers authorize and permit all employees to take rest period means that employers must relieve employees of all duties and relinquish control over how employees spend their time which includes control over the locations where employees may take their rest period.  Employers cannot impose controls that prohibit an employee from taking a brief walk - five minutes out, five minutes back. Here, DEFENDANT's policy restricted PLAINTIFF and other CALIFORNIA CLASS Members from unconstrained walks and is unlawful based on DEFENDANT's rule which states PLAINTIFF and other CALIFORNIA CLASS Members cannot leave the work premises during their rest period.

13.    During the CALIFORNIA CLASS PERIOD, DEFENDANT failed to accurately record and pay PLAINTIFF and other CALIFORNIA CLASS Members for the actual amount of time these employees worked.  Pursuant to the Industrial Welfare Commission Wage Orders, DEFENDANT was required to pay PLAINTIFF and other CALIFORNIA CLASS Members for all time worked, meaning the time during which an employee was subject to the control of an employer, including all the time the employee was permitted or suffered to permit this work.  DEFENDANT required these employees to work off the clock without paying them for all the time they were under DEFENDANT's control.  As such, DEFENDANT knew or should have known that PLAINTIFF and the other members of the CALIFORNIA CLASS were under compensated for all time worked.  As a result, PLAINTIFF and other CALIFORNIA CLASS Members forfeited time

worked by working without their time being accurately recorded and without compensation at the applicable minimum wage and overtime wage rates. To the extent that the time worked off the clock does not qualify for overtime premium payment, DEFENDANT fails to pay minimum wages for the time worked off-the-clock in violation of Cal. Lab. Code §§ 1194, 1197, and 1197.1.

14.    From time to time, DEFENDANT also failed to provide PLAINTIFF and the other members of the CALIFORNIA CLASS with complete and accurate wage statements which failed to show, among other things, the correct gross and net wages earned. Cal. Lab. Code § 226 provides that every employer shall furnish each of his or her employees with an accurate itemized wage statement in writing showing, among other things, gross wages earned and all applicable hourly rates in effect during the pay period and the corresponding amount of time worked at each hourly rate. PLAINTIFF and CALIFORNIA CLASS Members were paid on an hourly basis. As such, the wage statements should reflect all applicable hourly rates during the pay period and the total hours worked, and the applicable pay period in which the wages were earned pursuant to California Labor Code Section 226(a). The wage statements DEFENDANT provided to PLAINTIFF and other CALIFORNIA CLASS Members failed to identify such information. More specifically, the wage statements failed to identify the accurate total hours worked each pay period. When the hours shown on the wage statements were added up, they did not equal the actual total hours worked during the pay period in violation of Cal. Lab. Code 226(a)(2). Aside, from the violations listed above in this paragraph, DEFENDANT failed to issue to PLAINTIFF an itemized wage statement that lists all the requirements under California Labor Code 226. As a result, DEFENDANT from time to time provided PLAINTIFF and the other members of the CALIFORNIA CLASS with wage statements which violated Cal. Lab. Code § 226.

15.    DEFENDANT underpaid sick pay wages to PLAINTIFF and other CALIFORNIA CLASS Members by failing to pay such wages at the regular

rate of pay in violation of Cal. Lab. Code Section 246.  Specifically, PLAINTIFF and other non-exempt employees earn non-discretionary remuneration.  Rather than pay sick pay at the regular rate of pay, DEFENDANT underpaid sick pay to PLAINTIFF and other CALIFORNIA CLASS Members at their base rates of pay.

16.    Cal. Lab. Code Section 246(l)(2) requires that paid sick time for nonexempt

employees be calculated by dividing the employee's total wages, not including overtime premium pay, by the employee's total hours worked in the full pay periods of the prior 90 days of employment.

17.    DEFENDANT violated Cal. Lab. Code Section 246 by failing to pay sick pay at the regular rate of pay. PLAINTIFF and CALIFORNIA CLASS Members routinely earned non-discretionary incentive wages which increased their regular rate of pay. However, when sick pay was paid, it was paid at the base rate of pay for PLAINTIFF and members of the CALIFORNIA CLASS, as opposed to the correct, higher regular rate of pay, as required under Cal. Lab. Code Section 246.

18.    As a pattern and practice, DEFENDANT regularly failed to pay PLAINTIFF and other members of the CALIFORNIA CLASS their correct wages and accordingly owe waiting time penalties pursuant to Cal. Lab. Code Section 203. Further, PLAINTIFF are informed and believe and based thereon allege that such failure to pay sick pay at regular rate was willful, such that PLAINTIFF and members of the CALIFORNIA CLASS whose employment has separated are entitled to waiting time penalties pursuant to Cal. Lab. Code Sections 201-203.

19.    Pursuant to Cal. Lab. Code Section 221, "It shall be unlawful for any employer to collect or receive from an employee any part of wages theretofore paid by said employer to said employee."  DEFENDANT failed to pay all compensation due to PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members, made unlawful deductions from compensation payable to PLAINTIFF and CALIFORNIA LABOR SUB-CLASS Members, failed to disclose all aspects of the deductions from compensation payable to PLAINTIFF and CALIFORNIA

LABOR SUB-CLASS Members, and thereby failed to pay these employees all wages due at each applicable pay period and upon termination.  PLAINTIFF and members of the CALIFORNIA LABOR SUB-CLASS seek recovery of all illegal deductions from wages according to proof, related penalties, interest, attorney fees and costs.

20.    DEFENDANT intentionally and knowingly failed to reimburse and indemnify  PLAINTIFF and the other CALIFORNIA CLASS Members for required business expenses incurred by the PLAINTIFF and other CALIFORNIA CLASS Members in direct consequence of discharging their duties on behalf of DEFENDANT.  Under California Labor Code Section 2802, employers are required to indemnify employees for all expenses incurred in the course and scope of their employment.  Cal. Lab. Code § 2802 expressly states that "an employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful."

21.    In the course of their employment PLAINTIFF and other CALIFORNIA CLASS Members as a business expense, were required by DEFENDANT to use their own personal cellular phones as a result of and in furtherance of their job duties as employees for DEFENDANT but are not reimbursed or indemnified by DEFENDANT for the cost associated with the use of their personal cellular phones for DEFENDANT's benefit.  Specifically, PLAINTIFF and other CALIFORNIA CLASS Members were required by DEFENDANT to use their personal cellular phones.  As a result, in the course of their employment with DEFENDANT, PLAINTIFF and other members of the CALIFORNIA CLASS incurred unreimbursed business expenses which included, but were not limited to, costs related to the use of their personal cellular phones all on behalf of and for the benefit of DEFENDANT.

22.    Specifically as to PLAINTIFF, DEFENDANT failed to provide all the legally required off-duty meal and rest breaks to PLAINTIFF as required by the applicable Wage Order and Labor Code and failed to pay PLAINTIFF all minimum and overtime wages due to PLAINTIFF. DEFENDANT did not have a policy or practice which provided timely off-duty meal and rest breaks to PLAINTIFF and also failed to compensate PLAINTIFF for PLAINTIFF's missed meal and rest breaks. The nature of the work performed by the PLAINTIFF did not prevent PLAINTIFF from being relieved of all of PLAINTIFF's duties for the legally required off-duty meal periods. As a result, DEFENDANT's failure to provide PLAINTIFF with the legally required meal periods is evidenced by DEFENDANT's business records.

## JURISDICTION AND VENUE

23.    This action is brought as a Class Action on behalf of PLAINTIFF and similarly situated employees of DEFENDANTS pursuant to Fed R. Civ. Proc. 23(b)(2) and/or (3). DEFENDANTS are subject to Jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337, see The Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

24.    Venue is proper in this Court and judicial district pursuant to 28 U.S.C. § 1391 because (i) DEFENDANTS conduct and conducted substantial business the within this judicial district and maintains offices in this judicial district, (ii) the causes of action alleged herein arise in whole or in part in this judicial district, and (iii) DEFENDANTS committed  wrongful conduct against members of this class in this district.

## THE CALIFORNIA CLASS

25.    PLAINTIFF brings the First Cause of Action for Unfair, Unlawful and Deceptive Business Practices pursuant to Cal. Bus. & Prof. Code §§ 17200, (the "UCL") as a Class Action, pursuant to Fed R. Civ. Proc. 23(b)(2) and/or (3), on behalf of a California class, defined as all individuals who are or previously were employed by DEFENDANT in California, including any employees staffed with

DEFENDANT by a third party, and classified as non-exempt employees (the "CALIFORNIA CLASS") at any time during the period four (4) year prior to the filing of the original Complaint and ending on the date as determined by the Court (the "CALIFORNIA CLASS PERIOD").

26.    To the extent equitable tolling operates to toll claims by the CALIFORNIA CLASS against DEFENDANT, the CALIFORNIA CLASS PERIOD should be adjusted accordingly.

27.    DEFENDANT, as a matter of company policy, practice and procedure, and in violation of the applicable Labor Code, Industrial Welfare Commission ("IWC") Wage Order requirements, and the applicable provisions of California law, intentionally, knowingly, and wilfully, engaged in a practice whereby DEFENDANT failed to record all meal and rest breaks missed by PLAINTIFF and other CALIFORNIA CLASS Members, even though DEFENDANT enjoyed the benefit of this work, required employees to perform this work and permits or suffers to permit this work.

28.    DEFENDANT has the legal burden to establish that each and every CALIFORNIA CLASS Member was paid accurately for all meal and rest breaks missed as  required by California laws.  The DEFENDANT, however, as a matter of policy and procedure failed to have in place during the CALIFORNIA CLASS PERIOD and still fails to have in place a policy or practice to ensure that each and every CALIFORNIA CLASS Member is paid as required by law.  This common business practice is applicable to each and every CALIFORNIA CLASS Member can be adjudicated on a class-wide basis as unlawful, unfair, and/or deceptive under Cal. Business & Professions Code §§ 17200, (the "UCL") as causation, damages, and reliance are not elements of this claim.

29.    The CALIFORNIA CLASS, is so numerous that joinder of all CALIFORNIA CLASS Members is impracticable.

30.    DEFENDANT violated the rights of the CALIFORNIA CLASS under California law by:

(a)  Committing an act of unfair competition in violation of , Cal.
Bus. & Prof. Code §§ 17200, (the "UCL"), by unlawfully,
unfairly and/or deceptively having in place company policies,
practices and procedures that failed to record and pay
PLAINTIFF and the other members of the CALIFORNIA
CLASS for all time worked, including minimum wages owed and
overtime wages owed for work performed by these employees;
and,

(b)  Committing an act of unfair competition in violation of the UCL,
by failing to provide the PLAINTIFF and the other members of
the CALIFORNIA CLASS with the legally required meal and
rest periods.

31.  This Class Action meets the statutory prerequisites for the maintenance
of a Class Action as set forth in Fed R. Civ. Proc. 23(b)(2) and/or (3), in that:

(a)  The persons who comprise the CALIFORNIA CLASS are so
numerous that the joinder of all such persons is impracticable
and the disposition of their claims as a class will benefit the
parties and the Court;

(b)  Nearly all factual, legal, statutory, declaratory and injunctive
relief issues that are raised in this Complaint are common to the
CALIFORNIA CLASS will apply to every member of the
CALIFORNIA CLASS;

(c)  The claims of the representative PLAINTIFF are typical of the
claims of each member of the CALIFORNIA CLASS.
PLAINTIFF, like all the other members of the CALIFORNIA
CLASS, were classified as non-exempt employees paid on an
hourly basis who were subjected to the DEFENDANT's
deceptive practice and policy which failed to provide the legally
required meal and rest periods to the CALIFORNIA CLASS and

1  thereby underpaid compensation to PLAINTIFF and

2  CALIFORNIA CLASS.  PLAINTIFF sustained economic injury

3  as a result of DEFENDANT's employment practices.

4  PLAINTIFF and the members of the CALIFORNIA CLASS

5  were and are similarly or identically harmed by the same

6  unlawful, deceptive and unfair misconduct engaged in by

7  DEFENDANT; and,

8  (d)  The representative PLAINTIFF will fairly and adequately

9  represent and protect the interest of the CALIFORNIA CLASS,

10  and have retained counsel who are competent and experienced in

11  Class Action litigation.  There are no material conflicts between

12  the claims of the representative PLAINTIFF and the members of

13  the CALIFORNIA CLASS that would make class certification

14  inappropriate.  Counsel for the CALIFORNIA CLASS will

15  vigorously assert the claims of all CALIFORNIA CLASS

16  Members.

17  32.  In addition to meeting the statutory prerequisites to a Class Action, this

18  action is properly maintained as a Class Action pursuant to Fed R. Civ. Proc.

19  23(b)(2) and/or (3), in that:

20  (a)  Without class certification and determination of declaratory,

21  injunctive, statutory and other legal questions within the class

22  format, prosecution of separate actions by individual members of

23  the CALIFORNIA CLASS will create the risk of:

24  1)  Inconsistent or varying adjudications with respect to

25  individual members of the CALIFORNIA CLASS which

26  would establish incompatible standards of conduct for the

27  parties opposing the CALIFORNIA CLASS; and/or,

28

2)    Adjudication with respect to individual members of the CALIFORNIA CLASS which would as a practical matter be dispositive of interests of the other members not party to the adjudication or substantially impair or impede their ability to protect their interests.

(b)    The parties opposing the CALIFORNIA CLASS have acted or refused to act on grounds generally applicable to the CALIFORNIA CLASS, making appropriate class-wide relief with respect to the CALIFORNIA CLASS as a whole in that DEFENDANT failed to pay all wages due to  members of the CALIFORNIA CLASS as required by law;

1)    With respect to the First Cause of Action, the final relief on behalf of the CALIFORNIA CLASS sought does not relate exclusively to restitution because through this claim PLAINTIFF seek declaratory relief holding that the DEFENDANT's policy and practices constitute unfair competition, along with declaratory relief,  injunctive relief, and incidental equitable relief as may be necessary to prevent and remedy the conduct declared to constitute unfair competition;

(c)    Common questions of law and fact exist as to the members of the CALIFORNIA CLASS, with respect to the practices and violations of California law as listed above, and predominate over any question affecting only individual CALIFORNIA CLASS Members, and a Class Action is superior to other available methods for the fair and efficient adjudication of the controversy, including consideration of:

1)    The interests of the members of the CALIFORNIA CLASS in individually controlling the prosecution or

defense of separate actions in that the substantial expense of individual actions will be avoided to recover the relatively small amount of economic losses sustained by the individual CALIFORNIA CLASS Members when compared to the substantial expense and burden of individual prosecution of this litigation;

2)  Class certification will obviate the need for unduly duplicative litigation that would create the risk of:

   A.  Inconsistent or varying adjudications with respect to individual members of the CALIFORNIA CLASS, which would establish incompatible standards of conduct for the DEFENDANT; and/or,

   B.  Adjudications with respect to individual members of the CALIFORNIA CLASS would as a practical matter be dispositive of the interests of the other members not parties to the adjudication or substantially impair or impede their ability to protect their interests;

3)  In the context of wage litigation because a substantial number of individual CALIFORNIA CLASS Members will avoid asserting their legal rights out of fear of retaliation by DEFENDANT, which may adversely affect an individual's job with DEFENDANT or with a subsequent employer, the Class Action is the only means to assert their claims through a representative; and,

4)  A class action is superior to other available methods for the fair and efficient adjudication of this litigation because class treatment will obviate the need for unduly and unnecessary duplicative litigation that is likely to result in

1    the absence of certification of this action pursuant to Fed

2    R. Civ. Proc. 23(b)(2) and/or (3).

3    33.    This Court should permit this action to be maintained as a Class Action

4    pursuant to Fed R. Civ. Proc. 23(b)(2) and/or (3) because:

5    (a)    The questions of law and fact common to the CALIFORNIA

6    CLASS predominate over any question affecting only individual

7    CALIFORNIA CLASS Members because the DEFENDANT's

8    employment practices are applied with respect to the

9    CALIFORNIA CLASS;

10    (b)    A Class Action is superior to any other available method for the

11    fair and efficient adjudication of the claims of the members of

12    the CALIFORNIA CLASS because in the context of employment

13    litigation a substantial number of individual CALIFORNIA

14    CLASS Members will avoid asserting their rights individually

15    out of fear of retaliation or adverse impact on their employment;

16    (c)    The members of the CALIFORNIA CLASS are so numerous that

17    it is impractical to bring all members of the CALIFORNIA

18    CLASS before the Court;

19    (d)    PLAINTIFF, and the other CALIFORNIA CLASS Members,

20    will not be able to obtain effective and economic legal redress

21    unless the action is maintained as a Class Action;

22    (e)    There is a community of interest in obtaining appropriate legal

23    and equitable relief for the acts of unfair competition, statutory

24    violations and other improprieties, and in obtaining adequate

25    compensation for the damages and injuries which

26    DEFENDANT's actions have inflicted upon the CALIFORNIA

27    CLASS;

28    (f)    There is a community of interest in ensuring that the combined

assets of DEFENDANT are sufficient to adequately compensate

the members of the CALIFORNIA CLASS for the injuries sustained;

(g)    DEFENDANT has acted or refused to act on grounds generally applicable to the CALIFORNIA CLASS, thereby making final class-wide relief appropriate with respect to the CALIFORNIA CLASS as a whole;

(h)    The members of the CALIFORNIA CLASS are readily ascertainable from the business records of DEFENDANT; and,

(i)    Class treatment provides manageable judicial treatment calculated to bring a efficient and rapid conclusion to all litigation of all wage and hour related claims arising out of the conduct of DEFENDANT as to the members of the CALIFORNIA CLASS.

34.    DEFENDANT maintains records from which the Court can ascertain and identify by job title each of DEFENDANT's employees who have been intentionally subjected to DEFENDANT's company policy, practices and procedures as herein alleged.  PLAINTIFF will seek leave to amend the Complaint to include any additional job titles of similarly situated employees when they have been identified.

## THE CALIFORNIA LABOR SUB-CLASS

35.    PLAINTIFF further brings the Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth and Ninth causes Action on behalf of a California sub-class, defined as all members of the CALIFORNIA CLASS who are or previously were employed by DEFENDANT in California, including any employees staffed with DEFENDANT by a third party, and classified as non-exempt employees (the "CALIFORNIA LABOR SUB-CLASS") at any time during the period three (3) years prior to the filing of the original Complaint and ending on the date as

1  determined by the Court  (the "CALIFORNIA LABOR SUB-CLASS PERIOD")

2  pursuant to Fed R. Civ. Proc. 23(b)(2) and/or (3).

3      36.    DEFENDANT, in violation of the applicable Labor Code, Industrial

4  Welfare Commission ("IWC") Wage Order requirements, and the applicable

5  provisions of California law, intentionally, knowingly, and wilfully, engaged in a

6  practice whereby DEFENDANT failed to correctly calculate compensation for the

7  time worked by PLAINTIFF and the other members of the CALIFORNIA LABOR

8  SUB-CLASS and reporting time wages owed to these employees, even though

9  DEFENDANT enjoyed the benefit of this work, required employees to perform this

10  work and permitted or suffered to permit this work.  DEFENDANT has denied these

11  CALIFORNIA LABOR SUB-CLASS Members wages to which these employees

12  are entitled in order to unfairly cheat the competition and unlawfully profit.  To the

13  extent equitable tolling operates to toll claims by the CALIFORNIA LABOR SUB-

14  CLASS against DEFENDANT, the CALIFORNIA LABOR SUB-CLASS PERIOD

15  should be adjusted accordingly.

16      37.    DEFENDANT maintains records from which the Court can ascertain

17  and

18  identify by name and job title, each of DEFENDANT's employees who have been

19  intentionally subjected to DEFENDANT's company policy, practices and

20  procedures as herein alleged.  PLAINTIFF will seek leave to amend the complaint

21  to include any additional job titles of similarly situated employees when they have

22  been identified.

23      38.    The CALIFORNIA LABOR SUB-CLASS is so numerous that joinder

24  of all CALIFORNIA LABOR SUB-CLASS Members is impracticable.

25      39.    Common questions of law and fact exist as to members of the

26  CALIFORNIA LABOR SUB-CLASS, including, but not limited, to the following:

27          (a)    Whether DEFENDANT unlawfully failed to correctly calculate

28                 and pay compensation due to members of the CALIFORNIA

                   LABOR SUB-CLASS for missed meal and rest breaks in

1   violation of the California Labor Code and California regulations

2   and the applicable California Wage Order;

3   (b)   Whether DEFENDANT failed to provide the PLAINTIFF and

4   the other members of the CALIFORNIA LABOR SUB-CLASS

5   with accurate itemized wage statements;

6   (c)   Whether DEFENDANT has engaged in unfair competition by the

7   above-listed conduct;

8   (d)   The proper measure of damages and penalties owed to the

9   members of the CALIFORNIA LABOR SUB-CLASS; and,

10   (e)   Whether DEFENDANT's conduct was willful.

11   40.   DEFENDANT violated the rights of the CALIFORNIA LABOR SUB-

12   CLASS under California law by:

13   (a)   Violating Cal. Lab. Code § 510, by failing to correctly pay the

14   PLAINTIFF and the members of the CALIFORNIA LABOR

15   SUB-CLASS all wages due for overtime worked, for which

16   DEFENDANT is liable pursuant to Cal. Lab. Code § 1194;

17   (b)   Violating Cal. Lab. Code §§ 1194, 1197 & 1197.1, by failing to

18   accurately pay PLAINTIFF and the members of the

19   CALIFORNIA LABOR SUB-CLASS the correct minimum wage

20   pay for which DEFENDANT is liable pursuant to Cal. Lab. Code

21   §§ 1194 and 1197;

22   (c)   Violating Cal. Lab. Code § 226, by failing to provide

23   PLAINTIFF and the members of the CALIFORNIA LABOR

24   SUB-CLASS with an accurate itemized statement in writing

25   showing the corresponding correct amount of wages earned by

26   the employee;

27   (d)   Violating Cal. Lab. Code §§ 226.7 and 512, by failing to provide

28   PLAINTIFF and the other members of the CALIFORNIA

LABOR SUB-CLASS with all legally required off-duty,

1    uninterrupted thirty (30) minute meal breaks and the legally

2    required off-duty rest breaks;

3    (e)    Violating Cal. Lab. Code §§ 201, 202 and/or 203, which

4    provides that when an employee is discharged or quits from

5    employment, the employer must pay the employee all wages due

6    without abatement, by failing to tender full payment and/or

7    restitution of wages owed or in the manner required by

8    California law to the members of the CALIFORNIA LABOR

9    SUB-CLASS who have terminated their employment; and,

10    (f)    Violating Cal. Lab. Code § 2802 by failing to reimburse

11    PLAINTIFF  and the CALIFORNIA LABOR SUB-CLASS

12    members with necessary expenses incurred in the discharge of

13    their job duties.

14    41.    This Class Action meets the statutory prerequisites for the maintenance

15    of a Class Action as set forth in Fed R. Civ. Proc. 23(b)(2) and/or (3), in that:

16    (a)    The persons who comprise the CALIFORNIA LABOR SUB-

17    CLASS are so numerous that the joinder of all CALIFORNIA

18    LABOR SUB-CLASS Members is impracticable and the

19    disposition of their claims as a class will benefit the parties and

20    the Court;

21    (b)    Nearly all factual, legal, statutory, declaratory and injunctive

22    relief issues that are raised in this Complaint are common to the

23    CALIFORNIA LABOR SUB-CLASS and will apply to every

24    member of the CALIFORNIA LABOR SUB-CLASS;

25    (c)    The claims of the representative PLAINTIFF are typical of the

26    claims of each member of the CALIFORNIA LABOR SUB-

27    CLASS.  PLAINTIFF, like all the other members of the

28    CALIFORNIA LABOR SUB-CLASS, were non-exempt

employees paid on an hourly basis who were subjected to the

1    DEFENDANT's practice and policy which failed to pay the

2    correct amount of wages due to the CALIFORNIA LABOR

3    SUB-CLASS.  PLAINTIFF sustained economic injury as a result

4    of DEFENDANT's employment practices.  PLAINTIFF and the

5    members of the CALIFORNIA LABOR SUB-CLASS were and

6    are similarly or identically harmed by the same unlawful,

7    deceptive, and unfair  misconduct engaged in by DEFENDANT;

8    and,

9    (d)    The representative PLAINTIFF will fairly and adequately

10    represent and protect the interest of the CALIFORNIA LABOR

11    SUB-CLASS, and have retained counsel who are competent and

12    experienced in Class Action litigation.  There are no material

13    conflicts between the claims of the representative PLAINTIFF

14    and the members of the CALIFORNIA LABOR SUB-CLASS

15    that would make class certification inappropriate.  Counsel for

16    the CALIFORNIA LABOR SUB-CLASS will vigorously assert

17    the claims of all CALIFORNIA LABOR SUB-CLASS Members.

18    42.    In addition to meeting the statutory prerequisites to a Class Action, this

19    action is properly maintained as a Class Action pursuant to Fed R. Civ. Proc.

20    23(b)(2) and/or (3), in that:

21    (a)    Without class certification and determination of declaratory,

22    injunctive, statutory and other legal questions within the class

23    format, prosecution of separate actions by individual members of

24    the CALIFORNIA LABOR SUB-CLASS will create the risk of:

25    1)    Inconsistent or varying adjudications with respect to

26    individual members of the CALIFORNIA LABOR SUB-

27    CLASS which would establish incompatible standards of

28    conduct for the parties opposing the CALIFORNIA

LABOR SUB-CLASS; or,

2)    Adjudication with respect to individual members of the CALIFORNIA LABOR SUB-CLASS which would as a practical matter be dispositive of interests of the other members not party to the adjudication or substantially impair or impede their ability to protect their interests.

(b)    The parties opposing the CALIFORNIA LABOR SUB-CLASS have acted or refused to act on grounds generally applicable to the CALIFORNIA LABOR SUB-CLASS, making appropriate class-wide relief with respect to the CALIFORNIA LABOR SUB-CLASS as a whole in that DEFENDANT fails to pay all wages due. Including the correct wages for all time worked by the members of the CALIFORNIA LABOR SUB-CLASS as required by law;

(c)    Common questions of law and fact predominate as to the members of the CALIFORNIA LABOR SUB-CLASS, with respect to the practices and violations of California Law as listed above, and predominate over any question affecting only individual CALIFORNIA LABOR SUB-CLASS Members, and a Class Action is superior to other available methods for the fair and efficient adjudication of the controversy, including consideration of:

1)    The interests of the members of the CALIFORNIA LABOR SUB-CLASS in individually controlling the prosecution or defense of separate actions in that the substantial expense of individual actions will be avoided to recover the relatively small amount of economic losses sustained by the individual CALIFORNIA LABOR SUB-CLASS Members when compared to the substantial

1      expense and burden of individual prosecution of this

2      litigation;

3          2)   Class certification will obviate the need for unduly

4               duplicative litigation that would create the risk of:

5                    A.   Inconsistent or varying adjudications with respect to

6                         individual members of the CALIFORNIA LABOR

7                         SUB-CLASS, which would establish incompatible

8                         standards of conduct for the DEFENDANT; and/or,

9                    B.   Adjudications with respect to individual members of

10                        the CALIFORNIA LABOR SUB-CLASS would as

11                        a practical matter be dispositive of the interests of

12                        the other members not parties to the adjudication or

13                        substantially impair or impede their ability to protect

14                        their interests;

15         3)   In the context of wage litigation because a substantial

16              number of individual CALIFORNIA LABOR SUB-

17              CLASS Members will avoid asserting their legal rights out

18              of fear of retaliation by DEFENDANT, which may

19              adversely affect an individual's job with DEFENDANT or

20              with a subsequent employer, the Class Action is the only

21              means to assert their claims through a representative; and,

22         4)   A class action is superior to other available methods for

23              the fair and efficient adjudication of this litigation because

24              class treatment will obviate the need for unduly and

25              unnecessary duplicative litigation that is likely to result in

26              the absence of certification of this action pursuant to Fed

27              R. Civ. Proc. 23(b)(2) and/or (3).

28   43.   This Court should permit this action to be maintained as a Class Action

pursuant to Fed R. Civ. Proc. 23(b)(2) and/or (3) because:

(a) The questions of law and fact common to the CALIFORNIA LABOR SUB-CLASS predominate over any question affecting only individual CALIFORNIA LABOR SUB-CLASS Members;

(b) A Class Action is superior to any other available method for the fair and efficient adjudication of the claims of the members of the CALIFORNIA LABOR SUB-CLASS because in the context of employment litigation a substantial number of individual CALIFORNIA LABOR SUB-CLASS Members will avoid asserting their rights individually out of fear of retaliation or adverse impact on their employment;

(c) The members of the CALIFORNIA LABOR SUB-CLASS are so numerous that it is impractical to bring all members of the CALIFORNIA LABOR SUB-CLASS before the Court;

(d) PLAINTIFF, and the other CALIFORNIA LABOR SUB-CLASS Members, will not be able to obtain effective and economic legal redress unless the action is maintained as a Class Action;

(e) There is a community of interest in obtaining appropriate legal and equitable relief for the acts of unfair competition, statutory violations and other improprieties, and in obtaining adequate compensation for the damages and injuries which DEFENDANT's actions have inflicted upon the CALIFORNIA LABOR SUB-CLASS;

(f) There is a community of interest in ensuring that the combined assets of DEFENDANT are sufficient to adequately compensate the members of the CALIFORNIA LABOR SUB-CLASS for the injuries sustained;

(g) DEFENDANT has acted or refused to act on grounds generally applicable to the CALIFORNIA LABOR SUB-CLASS, thereby

making final class-wide relief appropriate with respect to the CALIFORNIA LABOR SUB-CLASS as a whole;

(h)     The members of the CALIFORNIA LABOR SUB-CLASS are readily ascertainable from the business records of DEFENDANT.  The CALIFORNIA LABOR SUB-CLASS consists of all CALIFORNIA CLASS Members who worked for DEFENDANT in California at any time during the CALIFORNIA LABOR SUB-CLASS PERIOD; and,

(i)     Class treatment provides manageable judicial treatment calculated to bring a efficient and rapid conclusion to all litigation of all wage and hour related claims arising out of the conduct of DEFENDANT as to the members of the CALIFORNIA LABOR SUB-CLASS.

**FIRST CAUSE OF ACTION**

**For Unlawful Business Practices**

**[Cal. Bus. And Prof. Code §§  17200]**

**(By PLAINTIFF and the CALIFORNIA CLASS and Against All Defendants)**

44.     PLAINTIFF, and the other members of the CALIFORNIA CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

45.     DEFENDANT is a "person" as that term is defined under Cal. Bus. and Prof. Code § 17021.

46.     California Business & Professions Code §§ 17200, (the "UCL") defines unfair competition as any unlawful, unfair, or fraudulent business act or practice. Section 17203 authorizes injunctive, declaratory, and/or other equitable relief with respect to unfair competition as follows:

Any person who engages, has engaged, or proposes to engage in unfair competition may be enjoined in any court of competent jurisdiction. The court may make such orders or judgments, including the

1
2
3
4

appointment of a receiver, as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition, as defined in this chapter, or as may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition.

Cal. Bus. & Prof. Code § 17203.

5
6
7
8
9
10
11
12
13
14

47.    By the conduct alleged herein, DEFENDANT has engaged and continues to engage in a business practice which violates California law, including but not limited to, the applicable Industrial Wage Order(s), the California Code of Regulations and the California Labor Code including Sections 221, 226.7, 246, 510, 512, 1194, 1197, 1197.1, 1198, 2802 and the Fair Labor Standards Act and federal regulations promulgated thereunder, for which this Court should issue declaratory and other equitable relief pursuant to Cal. Bus. & Prof. Code § 17203 as may be necessary to prevent and remedy the conduct held to constitute unfair competition, including restitution of wages wrongfully withheld.

15
16
17
18
19
20

48.    By the conduct alleged herein, DEFENDANT's practices were unlawful and unfair in that these practices violate public policy, were immoral, unethical, oppressive, unscrupulous or substantially injurious to employees, and were without valid justification or utility for which this Court should issue equitable and injunctive relief pursuant to Section 17203 of the California Business & Professions Code, including restitution of wages wrongfully withheld.

21
22
23
24
25
26
27
28

49.    By the conduct alleged herein, DEFENDANT's practices were deceptive and fraudulent in that DEFENDANT's policy and practice failed to provide the legally mandated meal and rest periods, the required amount of compensation for missed meal and rest periods and overtime and minimum wages owed, failed to timely pay wages, and failed to reimburse all necessary business expenses incurred, and failed to provide Fair Labor Standards Act overtime wages due for overtime worked as a result of failing to include non-discretionary incentive compensation into their regular rates of pay for purposes of computing the proper overtime pay due to a business practice that cannot be justified, pursuant to the

applicable Cal. Lab. Code, and Industrial Welfare Commission requirements in violation of Cal. Bus. Code §§ 17200, and for which this Court should issue injunctive and equitable relief, pursuant to Cal. Bus. & Prof. Code § 17203, including restitution of wages wrongfully withheld.

50.    By the conduct alleged herein, DEFENDANT's practices were also unlawful, unfair and deceptive in that DEFENDANT's employment practices caused PLAINTIFF and the other members of the CALIFORNIA CLASS to be underpaid during their employment with DEFENDANT.

51.    By the conduct alleged herein, DEFENDANT's practices were also unlawful, unfair and deceptive in that DEFENDANT's policies, practices and procedures failed to provide all legally required meal breaks to PLAINTIFF and the other members of the CALIFORNIA CLASS as required by Cal. Lab. Code §§ 226.7 and 512.

52.    Therefore, PLAINTIFF demands on behalf of herself and on behalf of each CALIFORNIA CLASS Member, one (1) hour of pay for each workday in which an off-duty meal period was not timely provided for each five (5) hours of work, and/or one (1) hour of pay for each workday in which a second off-duty meal period was not timely provided for each ten (10) hours of work.

53.    PLAINTIFF further demands on behalf of herself and each member of the CALIFORNIA LABOR SUB-CLASS, one (1) hour of pay for each workday in which an off duty paid rest period was not timely provided as required by law.

54.    By and through the unlawful and unfair business practices described herein, DEFENDANT has obtained valuable property, money and services from PLAINTIFF and the other members of the CALIFORNIA CLASS, including earned wages for all time worked, and has deprived them of valuable rights and benefits guaranteed by law and contract, all to the detriment of these employees and to the benefit of DEFENDANT so as to allow DEFENDANT to unfairly compete against competitors who comply with the law.

55.    All the acts described herein as violations of, among other things, the Industrial Welfare Commission Wage Orders, the California Code of Regulations, and the California Labor Code, were unlawful and in violation of public policy, were immoral, unethical, oppressive and unscrupulous, were deceptive, and thereby constitute unlawful, unfair and deceptive business practices in violation of Cal. Bus. & Prof. Code §§ 17200.

56.    PLAINTIFF and the other members of the CALIFORNIA CLASS are entitled to, and do, seek such relief as may be necessary to restore to them the money and property which DEFENDANT has acquired, or of which PLAINTIFF and the other members of the CALIFORNIA CLASS have been deprived, by means of the above described unlawful and unfair business practices, including earned but unpaid wages for all time worked.

57.    PLAINTIFF and the other members of the CALIFORNIA CLASS are further entitled to, and do, seek a declaration that the described business practices are unlawful, unfair and deceptive, and that injunctive relief should be issued restraining DEFENDANT from engaging in any unlawful and unfair business practices in the future.

58.    PLAINTIFF and the other members of the CALIFORNIA CLASS have no plain, speedy and/or adequate remedy at law that will end the unlawful and unfair business practices of DEFENDANT.  Further, the practices herein alleged presently continue to occur unabated.  As a result of the unlawful and unfair business practices described herein, PLAINTIFF and the other members of the CALIFORNIA CLASS have suffered and will continue to suffer irreparable legal and economic harm unless DEFENDANT is restrained from continuing to engage in these unlawful and unfair business practices.

## SECOND CAUSE OF ACTION

### For Failure To Pay Minimum Wages

### [Cal. Lab. Code §§ 1194, 1197 and 1197.1]

### (By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS

**and Against All Defendants)**

59.    PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB- CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

60.    PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS bring a claim for DEFENDANT's willful and intentional violations of the California Labor Code and the Industrial Welfare Commission requirements for DEFENDANT's failure to accurately calculate and pay minimum wages to PLAINTIFF and CALIFORNIA CLASS Members.

61.    Cal. Lab. Code  § 1197 provides the minimum wage for employees fixed by the commission is the minimum wage to be paid to employees, and the payment of a less wage than the minimum so fixed in unlawful.

62.    Cal. Lab. Code § 1194 establishes an employee's right to recover unpaid wages, including minimum wage compensation and interest thereon, together with the costs of suit.

63.    DEFENDANT maintained a wage practice of paying PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS without regard to the correct amount of time they work.  As set forth herein, DEFENDANT's policy and practice was to unlawfully and intentionally deny timely payment of wages due to PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS.

64.    DEFENDANT's unlawful wage and hour practices manifested, without limitation, applicable to the CALIFORNIA LABOR SUB-CLASS as a whole, as a result of implementing a policy and practice that denies accurate compensation to PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS in regards to minimum wage pay.

65.    In committing these violations of the California Labor Code, DEFENDANT inaccurately calculated the correct time worked and consequently underpaid the actual time worked by PLAINTIFF and other members of the

1    CALIFORNIA LABOR SUB-CLASS. DEFENDANT acted in an illegal attempt to

2    avoid the payment of all earned wages, and other benefits in violation of the

3    California Labor Code, the Industrial Welfare Commission requirements and other

4    applicable laws and regulations.

5        66.    As a direct result of DEFENDANT's unlawful wage practices as

6    alleged herein, PLAINTIFF and the other members of the CALIFORNIA LABOR

7    SUB-CLASS did not receive the correct minimum wage compensation for their time

8    worked for DEFENDANT.

9        67.    During the CALIFORNIA LABOR SUB-CLASS PERIOD,

10   DEFENDANT required, permitted or suffered PLAINTIFF and CALIFORNIA

11   LABOR SUB-CLASS Members to work without paying them for all the time they

12   were under DEFENDANT's control. During the CALIFORNIA LABOR SUB-

13   CLASS PERIOD, PLAINTIFF and the other members of the CALIFORNIA

14   LABOR SUB-CLASS were paid less for time worked that they were entitled to,

15   constituting a failure to pay all earned wages.

16       68.    By virtue of DEFENDANT's unlawful failure to accurately pay all

17   earned compensation to PLAINTIFF and the other members of the CALIFORNIA

18   LABOR SUB-CLASS for the true time they worked, PLAINTIFF and the other

19   members of the CALIFORNIA LABOR SUB-CLASS have suffered and will

20   continue to suffer an economic injury in amounts which are presently unknown to

21   them and which will be ascertained according to proof at trial.

22       69.    DEFENDANT knew or should have known that PLAINTIFF and the

23   other

24   members of the CALIFORNIA LABOR SUB-CLASS were under compensated for

25   their time worked. DEFENDANT elected, either through intentional malfeasance or

26   gross nonfeasance, to not pay employees for their labor as a matter of company

27   policy, practice and procedure, and DEFENDANT perpetrated this scheme by

28   refusing to pay PLAINTIFF and the other members of the CALIFORNIA LABOR

SUB-CLASS the correct minimum wages for their time worked.

70.     In performing the acts and practices herein alleged in violation of California labor laws, and refusing to compensate the members of the CALIFORNIA LABOR SUB-CLASS for all time worked and provide them with the requisite compensation, DEFENDANT acted and continues to act intentionally, oppressively, and maliciously toward PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS with a conscious and utter disregard for their legal rights, or the consequences to them, and with the despicable intent of depriving them of their property and legal rights, and otherwise causing them injury in order to increase company profits at the expense of these employees.

71.     PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS therefore request recovery of all unpaid wages, according to proof, interest, statutory costs, as well as the assessment of any statutory penalties against DEFENDANT, in a sum as provided by the California Labor Code and/or other applicable statutes.  To the extent minimum wage compensation is determined to be owed to the CALIFORNIA LABOR SUB-CLASS Members who have terminated their employment, DEFENDANT's conduct also violates Labor Code §§ 201 and/or 202, and therefore these individuals are also be entitled to waiting time penalties under Cal. Lab. Code § 203, which penalties are sought herein on behalf of these CALIFORNIA LABOR SUB-CLASS Members.  DEFENDANT's conduct as alleged herein was willful, intentional and not in good faith.  Further, PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members are entitled to seek and recover statutory costs.

## THIRD CAUSE OF ACTION

### For Failure To Pay Overtime Compensation

### [Cal. Lab. Code § 510]

### (By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All Defendants)

72.    PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS, reallege and incorporate by this reference, as though full set forth herein, the prior paragraphs of this Complaint.

73.    PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS bring a claim for DEFENDANT's willful and intentional violations of the California Labor Code and the Industrial Welfare Commission requirements for DEFENDANT's failure to pay these employees for all overtime worked, including, work performed in excess of eight (8) hours in a workday, and/or twelve (12) hours in a workday, and/or forty (40) hours in any workweek.

74.    Cal. Lab. Code § 510 further provides that employees in California shall not be employed more than eight (8) hours per workday and more than forty (40) hours per workweek  unless they receive additional compensation beyond their regular wages in amounts specified by law.

75.    Cal. Lab. Code § 1194 establishes an employee's right to recover unpaid wages, including minimum wage and overtime compensation and interest thereon, together with the costs of suit.  Cal. Lab. Code § 1198 further states that the employment of an employee for longer hours than those fixed by the Industrial Welfare Commission is unlawful.

76.    During the CALIFORNIA LABOR SUB-CLASS PERIOD, PLAINTIFF and CALIFORNIA LABOR SUB-CLASS Members were required, permitted or suffered by DEFENDANT to work for DEFENDANT and were not paid for all the time they worked, including overtime work.

77.    DEFENDANT's unlawful wage and hour practices manifested, without limitation, applicable to the CALIFORNIA LABOR SUB-CLASS as a whole, as a result of implementing a policy and practice that failed to accurately record overtime worked by PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members and denied accurate compensation to PLAINTIFF and the other members of the

CALIFORNIA LABOR SUB-CLASS for overtime worked, including, the overtime work performed in excess of eight (8) hours in a workday, and/or twelve (12) hours in a workday, and/or forty (40) hours in any workweek.

78.    In committing these violations of the California Labor Code, DEFENDANT inaccurately recorded overtime worked and consequently underpaid the overtime worked by PLAINTIFF and other CALIFORNIA LABOR-SUB CLASS Members.  DEFENDANT acted in an illegal attempt to avoid the payment of all earned wages, and other benefits in violation of the California Labor Code, the Industrial Welfare Commission requirements and other applicable laws and regulations. As a direct result of DEFENDANT's unlawful wage practices as alleged herein, the PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS did not receive full compensation for overtime worked.

79.    Cal. Lab. Code § 515 sets out various categories of employees who are exempt from the overtime requirements of the law.  None of these exemptions are applicable to the PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS.  Further, PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS were not subject to a valid collective bargaining agreement that would preclude the causes of action contained herein this Complaint.  Rather, PLAINTIFF brings this Action on behalf of herself and the CALIFORNIA LABOR SUB-CLASS based on DEFENDANT's violations of non-negotiable, non-waiveable rights provided by the State of California.

80.    During the CALIFORNIA LABOR SUB-CLASS PERIOD, PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS have been paid less for overtime worked that they are entitled to, constituting a failure to pay all earned wages.

81.    DEFENDANT failed to accurately pay the PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS overtime wages for the time they worked which was in excess of the maximum hours permissible by law as

required by Cal. Lab. Code §§ 510, 1194 & 1198, even though PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS were required to work, and did in fact work, overtime as to which DEFENDANT failed to accurately record and pay as evidenced by DEFENDANT's business records and witnessed by employees.

82.    By virtue of DEFENDANT's unlawful failure to accurately pay all earned compensation to PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS for the true amount of time they worked, PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS have suffered and will continue to suffer an economic injury in amounts which are presently unknown to them and which will be ascertained according to proof at trial.

83.    DEFENDANT knew or should have known that PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS were under compensated for all overtime worked.  DEFENDANT elected, either through intentional malfeasance or gross nonfeasance, to not pay employees for their labor as a matter of company policy, practice and procedure, and DEFENDANT perpetrated this scheme by refusing to pay PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS for overtime worked.

84.    In performing the acts and practices herein alleged in violation of California labor laws, and refusing to compensate the members of the CALIFORNIA LABOR SUB-CLASS for all overtime worked and provide them with the requisite overtime compensation, DEFENDANT acted and continues to act intentionally, oppressively, and maliciously toward PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS with a conscious of and utter disregard for their legal rights, or the consequences to them, and with the despicable intent of depriving them of their property and legal rights, and otherwise causing them injury in order to increase company profits at the expense of these employees.

85.    PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS therefore request recovery of all overtime wages, according to proof, interest, statutory costs, as well as the assessment of any statutory penalties against DEFENDANT, in a sum as provided by the California Labor Code and/or other applicable statutes.  To the extent minimum and/or overtime compensation is determined to be owed to the CALIFORNIA LABOR SUB-CLASS Members who have terminated their employment, DEFENDANT's conduct also violates Labor Code §§ 201 and/or 202, and therefore these individuals are also be entitled to waiting time penalties under Cal. Lab. Code § 203, which penalties are sought herein on behalf of these CALIFORNIA LABOR SUB-CLASS Members. DEFENDANT's conduct as alleged herein was willful, intentional and not in good faith.  Further, PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members are entitled to seek and recover statutory costs.

## FOURTH CAUSE OF ACTION

### For Failure to Provide Required Meal Periods

### [Cal. Lab. Code §§ 226.7 & 512 ]

### (By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All Defendants)

86.    PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

87.    During the CALIFORNIA CLASS PERIOD, DEFENDANT from time to time failed to provide all the legally required off-duty meal breaks to PLAINTIFF and the other CALIFORNIA LABOR SUB-CLASS Members as required by the applicable Wage Order and Labor Code.  The nature of the work performed by PLAINTIFF and CALIFORNIA LABOR SUB-CLASS MEMBERS did not prevent these employees from being relieved of all of their duties for the legally required off-duty meal periods.  As a result of their rigorous work schedules, PLAINTIFF

and other CALIFORNIA LABOR SUB-CLASS Members were from time to time not fully relieved of duty by DEFENDANT for their meal periods. Additionally, DEFENDANT's failure to provide PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS Members with legally required meal breaks prior to their fifth (5th) hour of work is evidenced by DEFENDANT's business records from time to time. Further, DEFENDANT failed to provide PLAINTIFF and CALIFORNIA CLASS Members with a second off-duty meal period in some workdays in which these employees were required by DEFENDANT to work ten (10) hours of work from time to time. As a result, PLAINTIFF and other members of the CALIFORNIA LABOR SUB-CLASS therefore forfeited meal breaks without additional compensation and in accordance with DEFENDANT's strict corporate policy and practice.

88.    DEFENDANT further violates California Labor Code §§ 226.7 and the applicable IWC Wage Order by failing to compensate PLAINTIFF and CALIFORNIA LABOR SUB-CLASS Members who were not provided a meal period, in accordance with the applicable Wage Order, one additional hour of compensation at each employee's regular rate of pay for each workday that a meal period was not provided.

89.    As a proximate result of the aforementioned violations, PLAINTIFF and CALIFORNIA LABOR SUB-CLASS Members have been damaged in an amount according to proof at trial, and seek all wages earned and due, interest, penalties, expenses and costs of suit.

## FIFTH CAUSE OF ACTION

**For Failure to Provide Required Rest Periods**

**[Cal. Lab. Code §§ 226.7 & 512 ]**

**(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All Defendants)**

90.     PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

91.     PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members were from time to time required to work in excess of four (4) hours without being provided ten (10) minute rest periods.  Further, these employees from time to time were denied their first rest periods of at least ten (10) minutes for some shifts worked of at least two (2) to four (4) hours, a first and second rest period of at least ten (10) minutes for some shifts worked of between six (6) and eight (8) hours, and a first, second and third rest period of at least ten (10) minutes for some shifts worked of ten (10) hours or more from time to time. PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members were also not provided with one hour wages in lieu thereof.  As a result of their rigorous work schedules, PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members were periodically denied their proper rest periods by DEFENDANT and DEFENDANT's managers.

92.     DEFENDANT further violated California Labor Code §§ 226.7 and the applicable IWC Wage Order by failing to compensate PLAINTIFF and CALIFORNIA LABOR SUB-CLASS Members who were not provided a rest period, in accordance with the applicable Wage Order, one additional hour of compensation at each employee's regular rate of pay for each workday that rest period was not provided.

93.     As a proximate result of the aforementioned violations, PLAINTIFF and CALIFORNIA LABOR SUB-CLASS Members have been damaged in an amount according to proof at trial, and seek all wages earned and due, interest, penalties, expenses and costs of suit.

## SIXTH CAUSE OF ACTION

### For Failure to Provide Accurate Itemized Statements

### [Cal. Lab. Code § 226]

**(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All Defendants)**

94.     PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

95.     Cal. Labor Code § 226 provides that an employer must furnish employees with an "accurate itemized" statement in writing showing:

> (1) gross wages earned,
> (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission,
> (3) the number of piecerate units earned and any applicable piece rate if the employee is paid on a piece-rate basis,
> (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item,
> (5) net wages earned,
> (6) the inclusive dates of the period for which the employee is paid,
> (7) the name of the employee and his or her social security number, except that by January 1, 2008, only the last four digits of his or her social security number or an employee identification number other than a social security number may be shown on the itemized statement,
> (8) the name and address of the legal entity that is the employer, and
> (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

96.     From time to time, DEFENDANT also failed to provide PLAINTIFF and the other members of  the CALIFORNIA LABOR SUB-CLASS with complete and accurate wage statements which failed to show, among other things, the correct gross and net wages earned.  Cal. Lab. Code § 226 provides that every employer shall furnish each of his or her employees with an accurate itemized wage statement in writing showing, among other things, gross wages earned and all applicable hourly rates in effect during the pay period and the corresponding amount of time worked at each hourly rate.  PLAINTIFF and CALIFORNIA LABOR SUB-CLASS Members were paid on an hourly basis.  As such, the wage statements should reflect all applicable hourly rates during the pay period and the total hours worked, and the applicable pay period in which the wages were earned pursuant to California Labor

Code Section 226(a).  The wage statements DEFENDANT provided to PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members failed to identify such information. More specifically, the wage statements failed to identify the accurate total hours worked each pay period.  When the hours shown on the wage statements were added up, they did not equal the actual total hours worked during the pay period in violation of Cal. Lab. Code 226(a)(2).  Aside, from the violations listed above in this paragraph, DEFENDANT failed to issue to PLAINTIFF an itemized wage statement that lists all the requirements under California Labor Code 226. As a result, DEFENDANT from time to time provided PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS with wage statements which violated Cal. Lab. Code § 226.

97.    DEFENDANT knowingly and intentionally failed to comply with Cal. Lab. Code § 226, causing injury and damages to PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS.  These damages include, but are not limited to, costs expended calculating the correct wages for all missed meal and rest breaks and the amount of employment taxes which were not properly paid to state and federal tax authorities.  These damages are difficult to estimate.  Therefore, PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS may elect to recover liquidated damages of fifty dollars ($50.00) for the initial pay period in which the violation occurred, and one hundred dollars ($100.00) for each violation in a subsequent pay period pursuant to Cal. Lab. Code § 226, in an amount according to proof at the time of trial (but in no event more than four thousand dollars ($4,000.00) for PLAINTIFF and each respective member of the CALIFORNIA LABOR SUB-CLASS herein).

# **SEVENTH CAUSE OF ACTION**

## **For Failure to Reimburse Employees for Required Expenses**

## **[Cal. Lab. Code § 2802]**

**(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All Defendants)**

98.    PLAINTIFF and the other CALIFORNIA LABOR SUB-CLASS members reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

99.    Cal. Lab. Code § 2802 provides, in relevant part, that:

> An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful.

100.    At all relevant times herein, DEFENDANT violated Cal. Lab. Code § 2802, by failing to indemnify and reimburse PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS members for required expenses incurred in the discharge of their job duties for DEFENDANT's benefit.  DEFENDANT failed to reimburse PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS members for expenses which included, but were not limited to, costs related to using their personal cellular phones on behalf of and for the benefit of DEFENDANT.  Specifically, PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members were required by DEFENDANT to use their personal cellular phones and home offices in order to perform work related job tasks.  DEFENDANT's policy and practice was to not reimburse PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS members for expenses resulting from using their personal cellular phones and home offices for DEFENDANT within the course and scope of their employment for DEFENDANT. These expenses were necessary to complete their principal job duties. DEFENDANT is estopped  by DEFENDANT's conduct to assert any waiver of this expectation.  Although these expenses were necessary expenses incurred by PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS members, DEFENDANT failed to indemnify and reimburse PLAINTIFF and the

CALIFORNIA LABOR SUB-CLASS members for these expenses as an employer is required to do under the laws and regulations of California.

101.   PLAINTIFF therefore demands reimbursement for expenditures or losses incurred by herself and the CALIFORNIA LABOR SUB-CLASS members in the discharge of their job duties for DEFENDANT, or their obedience to the directions of DEFENDANT, with interest at the statutory rate and costs under Cal. Lab. Code § 2802.

## EIGHTH CAUSE OF ACTION

### For Failure to Pay Wages When Due

### [ Cal. Lab. Code §§ 201, 202, 203]

### (By PLAINTIFF, and the CALIFORNIA LABOR SUB-CLASS

### and Against All Defendants)

102.   PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS, reallege and incorporate by reference, as though fully set forth herein, the prior paragraphs of this Complaint.

1.   Cal. Lab. Code § 200 provides, in relevant part, that:
As used in this article:
(a) "Wages" includes all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, Commission basis, or other method of calculation.
(b) "Labor" includes labor, work, or service whether rendered or performed under contract, subcontract, partnership, station plan, or other agreement if the labor to be paid for is performed personally by the person demanding payment.

103.   Cal. Lab. Code § 201 provides, in relevant part, "that If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately."

104.   Cal. Lab. Code § 202 provides, in relevant part, that:

If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of

quitting. Notwithstanding any other provision of law, an employee who quits without providing a 72-hour notice shall be entitled to receive payment by mail if he or she so requests and designates a mailing address. The date of the mailing shall constitute the date of payment for purposes of the requirement to provide payment within 72 hours of the notice of quitting.

105.    There was no definite term in PLAINTIFF's or any CALIFORNIA LABOR SUB-CLASS Members' employment contract.

106.    Cal. Lab. Code § 203 provides, in relevant part, that:

If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days.

107.    The employment of PLAINTIFF, and many CALIFORNIA LABOR SUB-CLASS Members has terminated and DEFENDANT has not tendered payment of all wages owed as required by law. Additionally, at all times during the term of PLAINTIFF's employment with DEFENDANT, PLAINTIFF, and CALIFORNIA LABOR SUB-CLASS Members earned and accrued vested vacation and holiday time on the date of their termination pursuant to DEFENDANT's uniform vacation policies and applicable California law. The amount of vacation pay PLAINTIFF, and the other CALIFORNIA LABOR SUB-CLASS Members earned and accumulated is evidenced by DEFENDANT's business records. Additionally, DEFENDANT also underpaid accrued vested vacation wages to PLAINTIFF, and other CALIFORNIA LABOR SUB-CLASS MEMBERS by failing to pay such wages at the regular rate of pay and more specifically the final rate of pay that included all non-discretionary incentive compensation. Rather than pay vacation wages at the regular rate of pay, DEFENDANT underpaid vacation wages to PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members at their base rates of pay, instead of including all of PLAINTIFF's, and CALIFORNIA LABOR SUB-CLASS Members' non-discretionary incentive compensation into the vacation wage payment calculations. DEFENDANT failed to specify in DEFENDANT's

written vacation policy the rate at which PLAINTIFF, and other CALIFORNIA LABOR CLASS Members would be paid vacation upon leaving employment with DEFENDANT. As a result of DEFENDANT's unlawful practice, policy and procedure to deny paying PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS all of their vested vacation and holiday time, DEFENDANT failed to pay PLAINTIFF, and the members of the CALIFORNIA LABOR SUB-CLASS all vested vacation time as wages due upon employment termination, in violation of the California Labor Code, Sections 201, 202, 203 and 227.3. Similarly, DEFENDANT underpaid waiting time penalties to PLAINTIFF, and other CALIFORNIA LABOR SUB-CLASS Members at their base rates of pay, instead of including all of PLAINTIFF's, and the CALIFORNIA LABOR SUB-CLASS Members' non-discretionary compensation into the waiting time penalty calculations. This failure by DEFENDANT is believed to be the result of DEFENDANT's unlawful, unfair and deceptive refusal to provide compensation for earned, accrued and vested vacation and holiday time, as well as the corresponding waiting time penalties that were paid. DEFENDANT perpetrated this unlawful, unfair and deceptive practice to the detriment of PLAINTIFF, and the members of the CALIFORNIA LABOR SUB-CLASS. DEFENDANT's uniform practice and policy of failing to pay the LABOR SUB-CLASS Members for all vested vacation and holiday time accumulated at employment termination violated and continues to violate Section 227.3 of the California Labor Code.

108.   Therefore, as provided by Cal Lab. Code § 203, on behalf of PLAINTIFF and members of the CALIFORNIA LABOR SUB-CLASS whose employment has terminated and who have not been fully paid their wages due to them, PLAINTIFF demands thirty days of pay as penalty for not paying all wages due at time of termination for all employees who terminated employment during the CALIFORNIA LABOR SUB-CLASS PERIOD and demand an accounting and

payment of all wages due, plus interest and statutory costs as allowed by law.

///

///

### NINTH CAUSE OF ACTION

**For Failure to Pay Sick Pay Wages**

**[ Cal. Lab. Code §§ 201-203, 233, 246]**

**(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS**

**and Against All Defendants)**

109.   PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-

CLASS, reallege and incorporate by reference, as though fully set forth herein, the prior paragraphs of this Complaint.

110.   Cal Lab. Code § 233 provides that an employer must permit an employee to

use accrued sick leave in accordance with Cal Lab. Code § 246.5 at the employee's then current rate of entitlement.  Cal Lab. Code § 246 provides that an employee is entitled to sick pay wages for use of accrued sick leave pursuant to Cal Lab. Code § 246.5.  Specifically, once accrued sick leave is used as paid sick time, an employee has a vested right to sick pay wages, which an employer must calculate and compensate based on one of two calculations: (i) "Paid sick time for nonexempt employees shall be calculated in the same manner as the regular rate of pay for the workweek in which the employee uses paid sick time, whether or not the employee actually works overtime in that workweek," or (ii) "Paid sick time for nonexempt employees shall be calculated by dividing the employee's total wages, not including overtime premium pay, by the employee's total hours worked in the full pay periods of the prior 90 days of employment." Under Cal Lab. Code §§ 218 and 233, employees may sue to recover underpaid sick pay wages as damages.

1    111.  As a matter of policy and practice, DEFENDANT pays sick pay wages

2    to

3    PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS at

4    the incorrect rate of pay.  PLAINTIFF and the other members of the CALIFORNIA

5    LABOR-SUB-CLASS regularly use accrued sick leave in the workweeks in which

6    they also earn non-hourly remuneration. As a matter of policy and practice,

7    DEFENDANT pays sick pay wages to PLAINTIFF and the other members of the

8    CALIFORNIA LABOR-SUB-CLASS at the base hourly pay, as opposed to the

9    regular rate of pay, which would consider all non-hourly remuneration in addition to

10   base hourly wages, or the rate resulting from dividing the employee's total wages,

11   not including overtime premium pay, by the employee's total hours worked in the

12   full pay periods of the prior 90 days of employment.  As a result, DEFENDANT

13   underpaid sick pay wages to PLAINTIFF and the other members of the

14   CALIFORNIA LABOR-SUB-CLASS.

15   112.  Cal. Lab. Code § 246 specifically requires that, upon use of accrued

16   sick leave, vested sick pay wages are due and to be paid no later than the payday for

17   the next regular payroll period after accrued sick leave is used as paid sick time.

18   Similarly, Cal. Lab. Code § 201 provides that if an employer discharges an

19   employee, wages earned and unpaid at the time of discharge are due and payable

20   immediately. Cal. Lab. Code § 202 provides that an employee is entitled to receive

21   all unpaid wages no later than 72 hours after an employee quits his or her

22   employment, unless the employee has given 72-hour notice of his or her intention to

23   quit, in which case the employee is entitled to his or her wages at the time of

24   quitting.  The Labor Code penalizes untimely payments. For example, Cal. Lab.

25   Code § 203 provides that if an employer willfully fails to pay wages owed in

26   accordance with Cal. Lab. Code §§ 201-202, then the wages of the employee shall

27   continue as a penalty from the due date, and at the same rate until paid, but the

28

1  wages shall not continue for more than thirty (30) days. Under Cal. Lab. Code §§

2  203 and 218, employees may sue to recover applicable penalties.

3      113.   As alleged herein and as a matter of policy and practice, DEFENDANT

4  routinely underpays sick pay wages and thus did not timely pay PLAINTIFF and the

5  other members of the CALIFORNIA LABOR-SUB-CLASS all owing and

6  underpaid sick pay wages.  As a result, DEFENDANT violates Cal. Lab. Code §§

7  201-203, 233, and 246, among other Labor Code provisions.  PLAINTIFF are

8  informed and believe that DEFENDANT was advised by skilled lawyers and knew,

9  or should have known, of the mandates of the Labor Code as it relates to

10  PLAINTIFF's allegations, especially since the California Supreme Court has

11  explained that "[c]ourts have recoginzed that 'wages' also include those benefits to

12  which an employee is entitled as a part of his or her compensation, including money,

13  room, board, clothing, vacation pay, *and sick pay*." *Murphy v. Kenneth Cole Prods.,*

14  *Inc.*, 40 Cal. 4th 1094, 1103 (2007)(emphasis added). Because DEFENDANT

15  willfully fails to timely pay PLAINTIFF and the other members of the

16  CALIFORNIA LABOR-SUB-CLASS all sick pay wages due, DEFENDANT is

17  subject to applicable penalties.

18      114.   Such a pattern, practice, and uniform administration of corporate policy

19  is

20  unlawful and entitles PLAINTIFF and the other members of the CALIFORNIA

21  LABOR-SUB-CLASS to underpaid sick pay wages, including interest thereon,

22  applicable penalties, attorney's fees, and costs of suit.

23

24                    **PRAYER FOR RELIEF**

25      WHEREFORE, PLAINTIFF pray for judgment against each Defendant, jointly

26  and severally, as follows:

27  1.      On behalf of the CALIFORNIA CLASS:

28

1      A)    That the Court certify the First Cause of Action asserted by the
2              CALIFORNIA CLASS as a class action pursuant to Fed R. Civ. Proc.
3              23(b)(2) and/or (3);

4      B)    An order temporarily, preliminarily and permanently enjoining and
5              restraining DEFENDANT from engaging in similar unlawful conduct as
6              set forth herein;

7      C)    An order requiring DEFENDANT to pay all wages and all sums unlawfuly
8              withheld from compensation due to PLAINTIFF and the other members
9              of the CALIFORNIA CLASS; and,

10     D)    Restitutionary disgorgement of DEFENDANT's ill-gotten gains into a
11             fluid fund for restitution of the sums incidental to DEFENDANT's
12             violations due to PLAINTIFF and to the other members of the
13             CALIFORNIA CLASS.

14   2.   On behalf of the CALIFORNIA LABOR SUB-CLASS:

15      A)    That the Court certify the Second, Third, Fourth, Fifth, Sixth, Seventh,
16             Eighth, and Ninth Causes of Action asserted by the CALIFORNIA
17             LABOR SUB-CLASS as a class action pursuant to Fed R. Civ. Proc.
18             23(b)(2) and/or (3);

19      B)    Compensatory damages, according to proof at trial, including
20             compensatory damages for minimum and overtime compensation due
21             PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-
22             CLASS, during the applicable CALIFORNIA LABOR SUB-CLASS
23             PERIOD plus interest thereon at the statutory rate;

24      C)    The greater of all actual damages or fifty dollars ($50) for the initial pay
25             period in which a violation occurs and one hundred dollars ($100) per
26             each member of the CALIFORNIA LABOR SUB-CLASS for each
27             violation in a subsequent pay period, not exceeding an aggregate penalty

28

1   of four thousand dollars ($4,000), and an award of costs for violation of
2   Cal. Lab. Code § 226;

3   D)   Meal and rest period compensation pursuant to Cal. Lab. Code §§ 226.7,
4        512 and the applicable IWC Wage Order;

5   E)   For liquidated damages pursuant to California Labor Code Sections
6        1194.2 and 1197;

7   F)   The amount of the expenses PLAINTIFF and each member of the
8        CALIFORNIA LABOR SUBCLASS incurred in the course of their job
9        duties, plus interest, and costs of suit.; and,

10  G)   The wages of all terminated employees in the CALIFORNIA LABOR
11       SUB-CLASS as a penalty from the due date thereof at the same rate until
12       paid or until an action therefore is commenced, in accordance with Cal.
13       Lab. Code § 203.

14  3.   On all claims:

15  A)   An award of interest, including prejudgment interest at the legal rate;

16  B)   Such other and further relief as the Court deems just and equitable; and,

17  C)   An award of penalties, attorneys' fees and cost of suit, as allowable under
18       the law, including, but not limited to, pursuant to Labor Code §221, §226,
19       §1194, and/or §2802.

Dated: April 8, 2025          BLUMENTHAL NORDREHAUG BHOWMIK DE
                              BLOUW LLP


                              By:   */s/Nicholas J. De Blouw*
                              Norman B. Blumenthal
                              Nicholas J. De Blouw

                              *Attorneys for Plaintiff*

1

## **DEMAND FOR A JURY TRIAL**

2   PLAINTIFF demands a jury trial on issues triable to a jury.

3

4   Dated: April 8, 2025        BLUMENTHAL NORDREHAUG BHOWMIK DE
                                BLOUW LLP
5

6

7                               By:   */s/Nicholas J. De Blouw*
                                      Norman B. Blumenthal
8                                     Nicholas J. De Blouw

9                                     *Attorneys for Plaintiff*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28