UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAROLYN KENNARD, an individual, on behalf of herself, and on behalf of all persons similarly situated,<br><br>　　　　　　　　　　Plaintiff,<br>v.<br>CHERRY HILL PROGRAMS, INC., a Corporation; DOES 1 through 50, inclusive,<br><br>　　　　　　　　　　Defendants. | Case No.:  3:25cv652-BTM-VET<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS AND GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR LEAVE TO AMEND**<br><br>**[ECF NOS. 19 & 26]** |

　　　　Pending before the Court is Defendant Cherry Hill Programs, Inc.'s motion to dismiss Plaintiff Carolyn Kennard's second amended complaint (SAC).  (ECF No. 19).  For the reasons discussed below, the motion is granted in part and denied in part.  Also pending before the Court is Plaintiff Carolyn Kennard's motion for leave to amend.  For the reasons discussed below, the motion is granted in part and denied in part.  (ECF No. 26).

## BACKGROUND

The SAC asserts nine wage-and-hour claims under state law for (1) unlawful business practices; (2) failure to pay minimum wages; (3) failure to pay overtime; (4) failure to provide meal periods; (5) failure to provide rest periods; (6) failure to provide accurate itemized statements; (7) failure to reimburse for required expenses; (8) failure to pay wages when due: and (9) failure to pay sick pay wages. (ECF No. 18). Jurisdiction is asserted under the Class Action Fairness Act. (ECF No. 1).

Among other allegations, the SAC alleges that Plaintiff was required to work during breaks and meal periods; Plaintiff was unable to take timely breaks; Defendant did not pay Plaintiff for off-the-clock work; Plaintiff did not receive accurate wage statements; Plaintiff did not receive a timely final paycheck; and Plaintiff was not reimbursed for the use of her personal cell phone for work purposes. (ECF No. 18).

Defendant now moves to dismiss the SAC, arguing that the SAC is improperly based on "information and belief"; fails to allege sufficient facts giving rise to plausible claims for relief and improperly recites legal conclusions instead of facts; contains derivative claims that must be dismissed based on the dismissal of the primary claims; and fails to state a claim for (1) cell phone use, (2) sick time pay, (3) improper wage statements, and (4) untimely paychecks.

Plaintiff seeks leave to amend the SAC to (1) add a second individual plaintiff, Deaune Boyd, and (2) add a claim for discrimination and retaliation in violation of the Fair Employment and Housing Act (FEHA), California Government Code Section 12900, et seq.

## LEGAL STANDARDS

Federal Rule of Civil Procedure 8 requires all pleadings to provide short and plain statements of the court's jurisdiction and of the claim, and to "show[] that the

pleader is entitled to relief."  The purpose of Rule 8 is to give defendants proper notice of the claims alleged and the grounds for such claims.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation").

While facts in a complaint are accepted as true, conclusory allegations are not.  *Twombly*, 550 U.S. at 555-56.  A pleading cannot merely use "labels and conclusions" but must instead provide "enough factual matter (taken as true)" setting forth a plausible claim for relief.  *Id.*; *accord Iqbal*, 556 U.S. at 678 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"Federal Rule of Civil Procedure 15(a) provides that a trial court shall grant leave to amend freely 'when justice so requires.'"  *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).  "[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts."  *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv.*, 911 F.2d 242, 247 (9th Cir. 1990).  When assessing whether leave to amend should be granted, district courts should consider "four factors: bad faith, undue delay, prejudice to the opposing party, and/or futility."  *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001).

## DISCUSSION

The Court first rejects Defendant's contention that the SAC must be dismissed for pleading based on "information and belief."  Neither Rule 8 nor Rule 12 bar pleading based on information and belief nor require dismissal based on such pleading.  Defendant also acknowledges that the SAC is based in part on personal knowledge, but yet Defendant argues that the complaint must identify

which allegations are based on personal knowledge and which are based on information and belief. Defendant, however, cites no law requiring that kind of pleading. Defendant has simply failed to show dismissal is warranted on this basis.

The Court also rejects Defendant's general contention that the SAC merely contains "boilerplate" legal conclusions without factual allegations. The SAC includes the factual allegations that Defendant required Plaintiff to work during breaks and meal periods; precluded Plaintiff from taking timely breaks; did not pay Plaintiff for off-the-clock work; did not provide accurate wage statements; did not pay Plaintiff's final paycheck on time; and failed to reimburse Plaintiff for the use of her personal cell phone for work purposes. In general, the SAC contains "enough factual matter (taken as true)" setting forth plausible claims for relief, and the SAC provides fair notice of the claims at issue and the facts underlying them. *See generally Twombly*, 550 U.S. at 555-56.

Defendant specifically challenges four claims. First, Defendant claims that an employee's use of a personal cell phone to change schedules is not a job duty, and thus that Defendant is not liable under California Labor Code Section 2802(a) (requiring indemnification "for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful").

Courts have interpreted Section 2802(a) to require indemnification of an employee's use of a personal cell phone for work if the employer "created an environment where it was reasonable for employees to incur expenses by using their personal cell phones at work." *See Bowen v. Target Corp.*, No. CV 16-2587 JGB, 2021 U.S. Dist. LEXIS 203250, *25 (C.D. Cal. Jun. 24, 2021); *accord Hernandez v. Wal-Mart Assocs.*, No. 21-cv-00166-FLA, 2025 U.S. Dist. LEXIS 95429, *7-10 (C.D. Cal. May 5, 2025) (allowing claim to procced for cell phone use reimbursement where employee allegedly used cell phone to "communicate with

managers about her work status"). Thus, under that standard, the Court finds that Plaintiff has stated a plausible claim under Section 2802(a).

Second, Defendant argues that Plaintiff's claim for sick pay lacks sufficient factual detail and fails to state a proper claim for relief because Plaintiff never used her sick time. The Court agrees that Plaintiff's factual allegations for this claim are inadequate. Plaintiff's claim for sick pay is dismissed with leave to amend.

Third, Defendant claims that Plaintiff's wage statements claim is factually insufficient and should be dismissed because it is derivative of her other claims. The Court finds, however, that Plaintiff has alleged sufficient facts for this claim and finds that dismissal is not otherwise warranted.

Fourth, Defendant argues that Plaintiff's waiting time claim is insufficiently alleged and derivative. The Court rejects these arguments because the claim is sufficiently alleged and plausible.[1]

Last, the Court will grant in part Plaintiff's motion for leave to amend. Plaintiff may amend to name Deaune Boyd as an individual plaintiff because it is not clear that amendment would be futile. *See Townsend v. Univ. of Alaska*, 543 F.3d 478, 485 (9th Cir. 2008) ("Federal Rule of Civil Procedure 15(a)(2) provides that leave to amend shall be freely granted 'when justice so requires.' Leave to amend need not be granted, however, where the amendment would be futile."). Plaintiff is not granted leave, however, to add a claim under FEHA because Plaintiff's proposed Tenth Cause of Action in the Third Amended Complaint lacks sufficient factual allegations, states only conclusory allegations, and thus fails to state a plausible claim under FEHA. *See Cagno v. Supreme Mortg. Lending, Inc.*, No. 24-cv-04713-PHK, 2025 U.S. Dist. LEXIS 23873, *8 (N.D. Cal. 2025) (finding insufficiently pled

---

[1] Because the Court finds the SAC sufficiently pled as to all claims but the sick pay claim, the Court also rejects Defendant's argument for dismissal of the Plaintiff's UCL claim as derivative.

a claim under FEHA where the plaintiff, as here, failed to include "nonconclusory allegations regarding what transpired").

## CONCLUSION

For the reasons stated, the Court grants in part and denies in part Defendant's motion to dismiss. Plaintiff's ninth cause of action for sick pay is dismissed with leave to amend. Plaintiff may amend that claim no later than fourteen (14) days following the entry of this order.

Plaintiff's motion for leave to amend is granted in part and denied in part. Plaintiff may amend to name Deaune Boyd as an individual plaintiff. Plaintiff's proposed Third Amended Complaint, however, fails to state a plausible claim under FEHA. Plaintiff is thus denied leave to amend to add a FEHA claim. No later than fourteen (14) days following the entry of this order, Plaintiff may file a motion for leave to amend to add a claim under FEHA if the proposed claim contains factual allegations, not merely legal conclusions, giving rise to a plausible claim for relief.

**IT IS SO ORDERED.**

Dated: October 10, 2025

Honorable Barry Ted Moskowitz
United States District Judge